IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| NICOL JEAN BEDEA, <br><br> **Plaintiff,** <br><br> v. <br><br> PROGRESSIVE DIRECT INSURANCE COMPANY et al., <br><br> **Defendants.** | Case No. 25-CV-184-JFH-CDL |

**OPINION AND ORDER**

This matter is before the Court on the Unopposed Motion to Withdraw ("Motion") filed by Robert J. Stubblefield ("Movant"), who is counsel of record for Defendant 918 Heavy Recovery, LLC ("Defendant"). Dkt. No. 20. Movant represents that he has been hospitalized and that Defendant is aware of his circumstance. *Id.*

In this district, an attorney of record shall not withdraw from a case except upon reasonable notice to the client and all other parties who have appeared in the case and by leave of the judge to whom the case is assigned. LGnR4-4. "The grant or denial of an attorney's motion to withdraw in a civil case is a matter addressed to the discretion of the trial court." *Sanders v. Sw. Bell Tel., L.P.*, No. 03-CV-0452-CVE-FHM, 2009 WL 1765981, at *2 (N.D. Okla. June 16, 2009) (citing *Washington v. Sherwin Real Estate, Inc.*, 694 F.2d 1081, 1087 (7th Cir.1982). "Generally, district courts consider whether the case will be disrupted by the withdrawal of counsel; however, there are some situations in which an attorney will be permitted to withdraw even if it results in disruption." *Sanders*, No. 03-CV-0452-CVE-FHM, 2009 WL 1765981, at *2; *see Whiting v. Lacara*, 187 F.3d 317, 321 (2d Cir. 1999); *see, e.g., Washington*, 694 F.2d at 1088 (holding that

the district court did not abuse its discretion in granting counsel's motion to withdraw where communication had deteriorated between attorney and client).

Movant indicates that he has conferred with counsel for Plaintiff Nicol Badea and counsel for Defendant, Progressive Direct Insurance Company, neither of whom oppose the Motion. *Id.* Having reviewed the Motion, the Court finds a sufficient basis for Movant's withdrawal from the case. However, Defendant is a limited liability company who may not proceed pro se. *See* LCvR 17-1; *see also Am. Contractors Indem. v. Boeding*, 490 F. App'x. 141, 145 (10th Cir. 2012) (holding that a limited liability company could not be represented by a non-attorney on appeal); *Roscoe v. United States*, 134 F. App'x 226, 227 (10th Cir. 2005) (dismissing the limited liability company as a pro se plaintiff); *Tal v. Hogan*, 453 F.3d 1244, 1254 (10th Cir. 2006) (citing cases); *Eberth v. Corey Galyean Trucking, LLC*, No. 12-2289, 2013 WL 5255636, at *3 (D. Kan. Sept. 17, 2013) (holding that a non-attorney could not represent a limited liability company).

IT IS THEREFORE ORDERED that:

(1) the Unopposed Motion to Withdraw [Dkt. No. 20] is GRANTED, and Robert J. Stubblefield is terminated as counsel of record for Defendant; subject to the condition that papers may continue to be served upon him for forwarding to Defendant until such time as Defendant appears through new counsel;

(2) Defendant is directed to engage replacement counsel to file an entry of appearance no later than June 18, 2025. If Defendant fails to obtain counsel to represent it in this action by the set date, default judgment may be entered against it.

(3) Robert J. Stubblefield is directed to promptly serve this Order on Defendant and to file a certificate of service.

Dated this 19th day of May 2025.

                                                          _____
                                                          JOHN F. HEIL, III
                                                          UNITED STATES DISTRICT JUDGE